UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY YOUNG VANG, | Case No. 2:24-cv-1644-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| ROBERT ARIAS, | |
| Defendant. | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The petition does not, as articulated, assert a viable federal habeas claim. I will dismiss the current petition and give petitioner an opportunity to amend and explain why this action should proceed.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner raises one claim challenging his state conviction for premeditated attempted murder of a police officer. ECF No. 1, 4. He contends that his due process rights were violated

1

because no substantial evidence existed to show that he acted with the specific intent to kill a police officer, and that there was no substantial evidence to show that his actions were premeditated and deliberate. *Id.* at 7. However, petitioner offers no facts to support this allegation. *See generally id.* As such, the petition fails to state a claim. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (holding that "conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief"); *see also Rodriguez v. Rooney*, No. 2:22-cv-1898-JDP, 2023 WL 2088292, at *1 (E.D. Cal. Feb. 17, 2023) (dismissing habeas petition at screening for failure to state a claim where petitioner failed to allege specific facts to show "how the evidence was insufficient").

Rather than recommending immediate dismissal of the case, I will permit petitioner to amend his petition and better explain the nature of his claims and why they should proceed. If petitioner fails to amend within thirty days, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. The petition, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send petitioner a habeas petition form with this order.

IT IS SO ORDERED.

Dated:   February 28, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2