UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY YOUNG VANG, | Case No. 2:24-cv-1644-DJC-JDP (P) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROBERT ARIAS, | |
| Respondent. | |

On August 18, 2025, the court granted petitioner thirty days to file either an amended petition or notice of voluntary dismissal without prejudice in accordance with the undersigned's March 3, 2025 order. The court specifically warned petitioner that failure to comply with the August 18 order could result in dismissal. Petitioner has not responded to the August 18 order and the time do so has passed. Accordingly, dismissal of the action is warranted.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54

1  (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
2  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
3  complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
4  comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
5  *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
6  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
7  prosecution and failure to comply with local rules).

8      In recommending that this action be dismissed for failure to comply with court orders, I
9  have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's
10 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
11 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
12 *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

13     Here, petitioner has failed to respond to the court's August 18 order directing him to file
14 either an amended petition or notice of voluntary dismissal without prejudice in accordance with
15 the undersigned's March 3, 2025 order. *See* ECF No. 11. Therefore, the public interest in
16 expeditious resolution of litigation, the court's need to manage its docket, and the risk of
17 prejudice to the respondent all support imposition of the sanction of dismissal. Lastly, the court's
18 warning to petitioner that failure to obey court orders will result in dismissal satisfies the
19 "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-
20 33; *Henderson*, 779 F.2d at 1424. Specifically, the August 18 order expressly warned petitioner
21 that his failure to comply with court orders could result in dismissal. ECF No. 11. Petitioner had
22 adequate warning that dismissal could result from his noncompliance. Accordingly, I find that
23 the balance of factors weighs in favor of dismissal.

24     Accordingly, it is hereby RECOMMENDED that:

25     1. This action be DISMISSED without prejudice for, failure to prosecute and failure to
26 comply with court orders for the reasons set forth in the August 18, 2025 order.

27     2. The Clerk of Court be directed to close the case.

28     These findings and recommendations are submitted to the United States District Judge

Case 2:24-cv-01644-DJC-JDP    Document 12    Filed 10/06/25    Page 3 of 3

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 6, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3